BARHAM, Justice.
Defendant was convicted of second degree murder, a violation pf La.R.S. 14:30.-1, and was sentenced to life imprisonment. He relies on three bills of exceptions for a reversal of his conviction and sentence.[1]
BILL OF EXCEPTIONS NO. 2
On August 23, 1973 the Orleans Parish Grand Jury returned an indictment charging that “* * * SYLVESTER ROLLINS * * * murdered one, LESLIE MORRIS * * On motion by the State, the trial court ordered the amendment of the indictment on September 27, 1973. The words “Murder Second Degree” were added in parentheses; there was no defense objection to the amendment. Subsequent to the commencement of trial, the trial court permitted further amendment of the indictment which caused the charge to read " * * * committed 2nd degree Murder of one Leslie Morris. * * * ” [2] This bill of exceptions was reserved when the trial court overruled defendant’s objection to this amendment.
Defendant argues that the amendment made after the commencement of trial violates Louisiana Code of Criminal Procedure Article 487, which requires that a mistrial be ordered if a defect of substance in the indictment remains after the commencement of trial. As evidenced by the body of the indictment, the amendment of which defendant complains is not an amendment affecting substance; the change approved subsequent to the commencement of trial did no more than rearrange the words inserted by the September 27, 1973 amendment, to which there was no defense objection. The change effected, if it can be considered an amendment at all, *290 corrected nothing more than a matter of form, which Louisiana Code of Criminal Procedure Article 487 allows at any time.
*289 “A. The following forms of charging offenses may be used, * * *
“32. Second Degree Murder-A.B. committed second degree murder of C.D.”
*290 This bill of exceptions is wholly without merit.
BILL OF EXCEPTIONS NO. 4
After the defense rested, the State presented the testimony of Mr. August Fu-selier in rebuttal. The State posed the following question to its witness :
“If the driver of that car [the defendant] would have wanted to continue without stopping, from what you saw, would he have been able to do so ?”
The defendant objected to the query, arguing that it sought an answer to a hypothetical question. When the objection was overruled, this bill of exceptions was reserved.
The trial judge’s per curiam to the bill of exceptions notes that the question posed was not hypothetical, but simply sought to elicit testimony from the witness concerning what he had seen at the time of the commission of the offense. Black’s Law Dictionary 877 (Rev. 4th ed. 1968) defines a hypothetical question as :
“A combination of assumed or proven facts and circumstances, stated in such form as to constitute a coherent and specific situation or state of facts, upon which the opinion of an expert is asked, by way of evidence on a trial.”
The witness was asked to convey his observation of the clearance which existed and whether this clearance would have enabled the defendant to continue driving without obstruction. The question was not hypothetical and the trial court correctly overruled the defendant’s objection.
BILL OF EXCEPTIONS NO. 5
This bill of exceptions was reserved when the trial court overruled defendant’s objection to the inclusion in the court’s charge to the jury of a State-requested charge to the effect that nine of the twelve jurors must concur to render a verdict. The crime for which defendant was prosecuted was second degree murder, a non-capital offense. State v. Normand, 298 So.2d 823 (La.1974); State v. Washington, 294 So.2d 793 (La.1974). Therefore, in accordance with La.Const. Art. VII, § 41, and Louisiana Code of Criminal Procedure Article 782, the trial court correctly charged that only nine of the twelve jurors had to concur to render a verdict.
For the reasons stated above, the defendant’s conviction and sentence are affirmed.

. Five perfected hills of exceptions appear in the record. Two of those bills were neither briefed nor argued and are therefore deemed abandoned. State v. Domingue, 298 So.2d 723 (La.1974).

. La.C.Cr.P. Art. 465 provides the approved short form indictment for Second Degree Murder. It states, in pertinent part: