UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10414
_____


JOHN E. SCOTT,

                                    Petitioner-Appellant,

                         versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

_____

Appeal from the United States District Court for the
              Northern District of Texas
_____
                September 11, 2000

Before REAVLEY, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

    John E. Scott, a Texas state prisoner, appeals the district

court's dismissal without prejudice of his federal habeas petition

for failure to exhaust state remedies.  Finding that his petition

was time-barred, we deny relief.

I.    FACTUAL AND PROCEDURAL HISTORY

    On July 23, 1996, Scott pleaded guilty to possession with

intent to deliver cocaine and was sentenced to 25 years of imprisonment. Scott did not file a direct appeal.

On December 1, 1997, Scott filed a state habeas corpus petition, alleging ineffective assistance of counsel, tainted search warrants, a defective indictment, and insufficiency of the evidence to support his conviction. Subsequently, Scott filed an original application for a writ of mandamus in the Texas Court of Criminal Appeals, complaining that his application for a state writ of habeas corpus had not been forwarded to the Court of Criminal Appeals. The Court of Criminal Appeals then issued an order that resulted in the trial court designating the issues to be considered. The trial court's order further provided that it would resolve the designated issues and enter findings of fact.

On February 22, 1999, while his application for state habeas was pending, Scott filed a petition for federal habeas corpus in district court. He argued that the evidence used against him was illegally obtained, that the indictment was defective because a member of the grand jury did not live in the jurisdiction of the court, that the evidence was insufficient because no drugs were found on his person, and that counsel was ineffective for failing to raise any of these issues. He subsequently filed a motion to show cause in federal district court in which he stated that his state petition was still pending and argued that he did not have to demonstrate exhaustion of his state remedies because he could show cause and prejudice. At that point his state petition had been

2

pending for fourteen months, and, thus, Scott argued, his federal petition should be considered to prevent a fundamental miscarriage of justice.

The magistrate judge sua sponte found that all of Scott's claims were unexhausted and that, despite the length of time the court was taking in reviewing Scott's petition, Scott had not demonstrated that the state corrective process was ineffective to protect his rights.[1] The magistrate judge therefore recommended that Scott's petition be dismissed without prejudice. Over Scott's objections, the district court adopted the findings and recommendation of the magistrate judge and dismissed the petition without prejudice for failure to exhaust. The district court denied Scott's motion for a certificate of appealability (COA). This Court granted a COA on the issue whether Scott had exhausted his state remedies and ordered the parties to brief the issue whether Scott's federal petition was timely.

II. ANALYSIS

We now determine whether Scott timely filed his petition for federal habeas relief. Scott filed his federal petition on February 22, 1999, which was after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Accordingly, the AEDPA governs Scott's federal petition. *See*

---

[1] The magistrate judge thus did not serve the respondent with Scott's petition.

*Graham v. Johnson,* 168 F.3d 762, 775 (5th Cir. 1999).

In relevant part, 28 U.S.C. § 2244 provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > *        *        *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On July 23, 1996, Scott was convicted in Texas state court and received a sentence of 25 years of imprisonment. Rule 26.2(a) of the Texas Rules of Appellate Procedure requires that a notice of appeal must be filed within 30 days after the day sentence is imposed. As previously set forth, Scott did not appeal his conviction. His conviction therefore became final on August 22, 1996 (30 days after pleading guilty).

Applying the above-quoted § 2244, the one-year period of limitation Scott had in which to file a federal habeas petition

4

expired on August 23, 1997. The district court did not raise this affirmative defense, and the respondent did not file a response to Scott's petition because it was never served with his petition. Although this Court has held that district courts may sua sponte raise the one-year limitation period under AEDPA, *see Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999), we have not expressly held that circuit courts have the authority to do so.

We begin with the principle that this Court may affirm the denial of habeas relief on any ground supported by the record. *See Fisher v. State of Texas,* 169 F.3d 295, 299 (5th Cir. 1999). More specifically, in *Kiser,* 163 F.3d at 329, we looked to "a long line of precedent establishing the authority of courts to raise non-jurisdictional affirmative defenses sua sponte in habeas cases." (citations omitted). We also relied on our precedent that held the affirmative defense of statute of limitations may be raised sua sponte in prisoner's civil actions under 28 U.S.C. § 1915. *Id.*

Moreover, since *Kiser,* this Court has held that a Court of Appeals may sua sponte conclude that a petitioner is procedurally barred from raising a claim.[2] *Smith v. Johnson,* 216 F.3d 521 (5th Cir. 2000). We recognized that this Court previously had declined to apply a procedural bar sua sponte, finding that the respondent had waived the defense in district court. *Id.* (*Fisher v. State of*

---

[2] Procedural default and expiration of limitation period arguments are non-jurisdictional affirmative defenses. *See Kiser,* 163 F.3d at 329.

5

*Texas,* 169 F.3d 295, 300-02 (5th Cir. 1999)). However, we also recognized that in *Fisher,* we had "expressly left open the possibility that this court may, in the appropriate circumstances, apply the procedural bar sua sponte when the state has waived the defense in the district court." We stated that the pertinent concerns were whether the petitioner had notice of the issue and a reasonable opportunity to argue against the bar, and whether the state had "intentionally waived the defense." *Id.* (citing *Fisher,* 169 F.3d at 301-02). Because the petitioner had been given notice and an opportunity to argue against the bar and the state had not intentionally waived the defense, we deemed it appropriate for this Court to apply a procedural bar.

In the instant case, the respondent certainly did not waive or forfeit the affirmative defense of limitations in the district court because it was not served with Scott's petition due to the district court's decision to dismiss the petition for failure to exhaust state remedies. Further, Scott was given notice of the limitations issue when this Court issued a COA. Also, like the petitioner in *Smith,* Scott has been given an opportunity to argue against the limitations issue. We therefore hold that, under these circumstances, it is proper for us to sua sponte apply the defense of limitations under AEDPA.

Scott argues that he is entitled to equitable tolling. Equitable tolling is appropriate in "rare and exceptional

circumstances." *Fisher v. Johnson,* 174 F.3d 710, 712 (5th Cir. 1999). He claims that the state created an impediment to his filing a state habeas application because the state (1) confiscated his legal materials on August 5, 1996, and (2) the legal library was inadequate. Scott admits, however, that such impediments were removed as of February 25, 1997, which is approximately six months prior to the expiration of the limitation period. Accordingly, these arguments do not establish that Scott is entitled to equitable tolling. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (explaining that for equitable tolling to apply, the petitioner must diligently pursue relief).[3] Finally, Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired.

For the above reasons, we conclude that Scott's federal habeas petition is time-barred. We therefore MODIFY the district court's judgment and DISMISS the petition WITH PREJUDICE.

---

[3] We note that an inadequate law library does not constitute a "rare and exceptional" circumstance warranting equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 1999).