IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50454
Summary Calendar
_____

JOE FRED BURLESON,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-519-EP
--------------------
December 19, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Joe Fred Burleson, Texas inmate #709759, proceeding *pro se*, and *in forma pauperis*, appeals the district court's denial of his 28 U.S.C. § 2254 petition. In *Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000), we sanctioned the *sua sponte* application of the 28 U.S.C. § 2244(d) one-year statute of limitations provided that the State had not intentionally waived the limitations defense and provided that the petitioner had notice and a reasonable opportunity to respond to the proposed application of the statute of limitations. Respondent asserted the limitations defense in the

_____

        [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

district court, and Burleson had at least two opportunities to argue against application of the 28 U.S.C. § 2244(d) statute of limitations.

The record indicates that Burleson submitted his 28 U.S.C. § 2254 petition more than fifteen months after the limitations period expired. Burleson's state habeas application, which was filed after the one-year limitations period expired, did not toll the period. The limitations period also was not tolled by statute while Burleson's prior, federal habeas petition was pending. *See Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999) (holding that the 28 U.S.C. § 2244(d) limitations period is not tolled while a prior federal habeas petition is pending).

Burleson provided no argument in favor of the application of equitable tolling in his case. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms*, 208 F.3d at 489-90 (citation and internal quotations omitted). The record discloses no grounds for the application of equitable tolling. Accordingly, Burleson's 28 U.S.C. § 2254 petition is barred by the statute of limitations in 28 U.S.C. § 2244(d). The district court's judgment is VACATED and the case is REMANDED for entry of judgment in accordance with this opinion.

VACATED and REMANDED.