United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40244
Summary Calendar
_____

LANNY GENE BEVERS, JR.,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-02-CV-549
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lanny Gene Bevers, Jr., Texas inmate #456963, was granted a certificate of appealability to appeal the denial of 28 U.S.C. § 2254 relief on his claim that he had not received an initial parole hearing. Bevers is currently serving consecutive sentences of twenty years' imprisonment for aggravated rape, fifteen years' imprisonment for retaliation, and life imprisonment for aggravated sexual assault with a deadly weapon.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bevers' motion to strike Respondent's brief as untimely filed is DENIED. See FED. R. APP. P. 25(a)(2)(B)(i).

Bevers asserts that his rights under the Due Process and Ex Post Facto Clauses have been violated. He argues that he is eligible for an initial parole hearing and has not yet received a hearing.

The denial of federal habeas relief may be affirmed on any ground supported by the record. Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). The 28 U.S.C. § 2244(d) statute of limitations may be raised sua sponte provided that the petitioner has been afforded an opportunity to argue against the limitations issue and Respondent has not intentionally waived the defense. Id. at 262-63.

In the instant case, Respondent was not served in the district court and did not waive or forfeit the affirmative defense of limitations. See id. at 263. Bevers was afforded an opportunity to argue and did argue against the limitations issue. See id.

"[T]he limitation period runs from the date on which the factual predicate of the claim or claims presented could have been discovered with the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Bevers does not dispute that the factual predicate for his claim was revealed by the July 26, 2000, nunc pro tunc order wherein he was issued credit against his sentence.

The period ran from July 27, 2000, until December 26, 2000, and from April 12, 2001, expiring before Bevers filed state habeas

application on December 13, 2001.  Additional time elapsed between the denial of Bevers' second state habeas application and the filing of a third state habeas application and prior to the submission of Bevers' 28 U.S.C. § 2254 petition.  See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).  Bevers' parole claim is time-barred.  28 U.S.C. § 2244(d)(1)(D).  Bevers has not shown that his argument based on Ex Parte Franks, 71 S.W.3d 327 (Tex. Crim. App. 2001), and his contention that he is experiencing a "continuous and ongoing" violation excuse the untimely presentation of his claim.  Bevers has provided no grounds for the application of equitable tolling.

Accordingly, the judgment of the district court denying 28 U.S.C. § 2254 relief is AFFIRMED on alternative grounds.  See Scott, 227 F.3d at 262.

AFFIRMED; MOTION DENIED.