United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 02-41690

**GILBERT ROY GOODWIN,**

**Petitioner-Appellant,**

**versus**

**DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,**

**Respondent-Appellee.**

**Appeal from the United States District Court
for the Eastern District of Texas
(1:02-CV-578)**

Before BARKSDALE, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gilbert Goodwin, Texas prisoner # 749472, appeals, *pro se*, the denial of his 28 U.S.C. § 2254 habeas petition, which claims his parole-denial violated the United States Constitution's Ex Post Facto Clause. Respondent, who was not served in district court, raises a time-bar. Because the district court did not address whether Goodwin's petition is time-barred under 28 U.S.C. § 2244(d)(1)(D) and the record is not sufficient to decide this issue, we retain jurisdiction of this appeal, but **REMAND** for the district court to decide Respondent's time-bar claim.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1993, Goodwin was convicted in Texas of felony aggravated sexual assault. He was sentenced to ten years' imprisonment, began serving his sentence in March 1996, and is scheduled to be released in March 2006. Goodwin has been denied parole twice.

On 25 June 2002, more than a year after the second parole-denial, Goodwin filed a state habeas application, claiming: the Board of Pardons and Paroles denied him parole using a procedure enacted after the commission of his offense, thereby violating the Ex Post Facto Clause. Without written order, the Court of Criminal Appeals denied his application on 14 August 2002.

Goodwin's federal habeas petition was received by the district court on 26 August 2002; because he is proceeding *pro se*, it is deemed properly filed on the date he submitted it to prison authorities for mailing. *E.g., Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002). Accordingly, it appears his federal petition was filed on 20 August 2002.

Respondent was not served in district court. And, in denying relief, the district court did not decide whether the application is time-barred; the issue is not mentioned. Therefore, the record contains only copies of Goodwin's state and federal petitions (including exhibits containing records of the parole-denials), but does not contain affidavits or other documents concerning the time-bar claim.

II.

Because Goodwin filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), that Act controls. *E.g.,* **Scott v. Johnson**, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001). Goodwin appeals the habeas-denial; Respondent asserts, *inter alia*, a time-bar.

Respondent could not raise the AEDPA time-bar claim in district court because Respondent was not served. Goodwin opposes this limitations defense and Respondent did not waive it in district court; therefore, we can consider it. **Scott**, 227 F.3d at 262-63.

AEDPA's operative provision, 28 U.S.C. § 2244(d)(1), provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In addition, AEDPA provides for tolling the one-year limitations period while a state habeas petition for the same claim is pending. 28 U.S.C. § 2244(d)(2).

Respondent asserts, and Goodwin does not dispute, that, for limitations purposes, § 2244(d)(1)(D) governs the filing of his petition. Although we have not decided in a published opinion which § 2244(d)(1) subsection applies to claims predicated on parole decisions, our sister circuits have regularly applied § 2244(d)(1)(D). *See* ***Redd v. McGrath***, 343 F.3d 1077, 1082 (9th Cir. 2003) (applying § 2244(d)(1)(D) to claim based on parole denial with time running from date of parole decision); ***Wade v. Robinson***, 327 F.3d 328, 333 (4th Cir. 2003) (same applied to revocation of parole); ***Cook v. New York State Div. of Parole***, 321 F.3d 274, 280 (2d Cir. 2003) (same). We agree with those decisions.

Accordingly, the one-year period for filing the federal petition began to run on the date when Goodwin could have "discovered" the "factual predicate of [his] claim" for the parole-denial "through the exercise of due diligence". 28 U.S.C. § 2244(d)(1)(D). That one-year period was tolled from 25 June 2002 to 14 August 2002, while his state habeas petition was pending. 28 U.S.C. § 2244(d)(2).

4

Goodwin's Ex Post Facto claim springs from a 1995 Texas statute, which increased the number of Board members required to make parole decisions for prisoners convicted of certain crimes, including aggravated sexual assault (for which he was convicted). In May 1991, when Goodwin committed the sexual assault, parole decisions were made by panels composed of three Board members and required a majority vote. TEX. CRIM. PROC. art. 42.18 § 7(e) (West 1991). The new procedure enacted in 1995 requires the votes of two-thirds of the entire Board (15 members) to grant parole. TEX. GOV'T CODE ANN. § 508.046 (West 2001).

The new procedure was used for both of Goodwin's parole-denials. Goodwin contends: the voting records from his June 2001 parole-denial indicate that all three members who would have been assigned to review him under the former procedure voted in favor of parole; therefore, he would have been granted parole under that procedure. Accordingly, Goodwin claims the application of the new procedure to his 2001 parole proceeding violates the Ex Post Facto Clause because it increased his sentence.

Goodwin was first denied parole on either 4 February 1999 or 1 June 2000 (Respondent uses the latter date); Respondent contends Goodwin's claim arose then because the parole-denial was also through the new procedure. Therefore, Respondent reasons that Goodwin's federal petition is time-barred because his state petition was not filed until 25 June 2001, more than one year later.

5

Goodwin concedes that, if his claim arose upon his first parole-denial, his petition is time-barred. He asserts, however, that his claim did not arise until his second parole-denial in June 2001. Although not fully addressed in his reply brief, it appears Goodwin asserts his claim arose in 2001 because he believes the number of members recommending parole in the 2001 proceeding would have been sufficient to grant him parole under the former procedure, whereas the votes from the first parole-denial would not have been. In the alternative, Goodwin requests equitable tolling.

To decide Goodwin's claim, including whether it arises from the first or second parole-denial, we would be required to address the substantive law of the Ex Post Facto Clause. Goodwin's claim, however, may be time-barred, even if it arose from his June 2001 parole-denial. Because we have a duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties, *see, e.g., **City of Abilene v. United States Environmental Protection Agency***, 325 F.3d 657, 660 (5th Cir. 2003), the time-bar issue must be resolved first.

As discussed, if Goodwin's claim arose upon the first parole-denial, it is obviously time-barred; he concedes that. If we look to the second parole-denial, numerous factual issues must be resolved. Goodwin was denied parole on 7 June 2001; his state habeas petition was filed on 25 June 2002. Therefore, if his claim arose on the day the Board denied parole, his federal petition was

6

time-barred even before he filed his state petition. Goodwin contends, however, that he could not have discovered the factual predicate for his claim on the parole-denial date because he did not receive notice of it until later. Purported Parole Board records attached to Goodwin's reply brief reflect that written notice of the June hearing was mailed to him on 8 June 2001, but Goodwin maintains the notice must have been lost in the prison mail system because he did not receive it. He contends his claim arose when he received notice of his parole-denial from his family, when they visited him in prison. He contends he cannot recall the exact date, but believes this visit occurred, at the earliest, on 1 July 2001.

Assuming, *arguendo*, that Goodwin's claim arose on 1 July 2001, the one-year AEDPA limitations period ran until Goodwin tolled it by filing his state petition on 25 June 2002, leaving several days remaining for his one-year period. Upon the resolution of his claim by the Court of Criminal Appeals on 14 August 2002, the period began to run again and Goodwin filed his federal petition six days later on 20 August 2002, assuming he placed it then in the prison mailing system. Based on these assumptions, his federal petition *may* have been timely filed.

As noted, the record is not sufficient, however, to make these findings. Goodwin asserts in his reply brief that he did not receive the Parole Board's written notice and could not have

7

discovered the factual basis for his claim until his family informed him of the parole-denial; the district court did not decide this issue and the record does not contain supporting affidavits or other documents. In ***Phillips v. Donnelly***, 216 F.3d 508 (5th Cir. 2000), for example, we remanded to allow petitioner to establish that he had not received notice of the denial of his state habeas petition and therefore was entitled to equitable tolling for his federal petition.

### III.

For the foregoing reasons, we retain jurisdiction of this appeal, but **REMAND** for the district court to decide Respondent's time-bar claim.

***REMANDED***

8