United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40724
Summary Calendar

JAMES BRYAN ORTEZ,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-246
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Bryan Ortez, Texas prisoner #778260, was granted a
certificate of appealability (COA) after it was decided that
jurists of reason would find it debatable whether the district
court was correct in dismissing his prosecutorial-misconduct
claims as procedurally barred. The district court determined
that all seven of Ortez's claims of prosecutorial misconduct were
barred under the Texas contemporaneous-objection rule. Our

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of the district court's determination is *de novo*. See Boyd v. Scott, 45 F.3d 876, 877 (5th Cir. 1994).

"A federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both *independent* of the merits of the federal claim and *adequate* to support that judgment." Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995). "The Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a petitioner's claims." Jackson v. Johnson, 194 F.3d 641, 652 (5th Cir. 1999) (internal quotation marks omitted).

"[I]n order to fulfill the independence requirement, the last state court rendering a judgment must 'clearly and expressly' indicate that its judgment rests on a state procedural bar." Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997). Although the state habeas court's order did not specify which claims of prosecutorial misconduct were procedurally defaulted, the court clearly and expressly relied on the bar.

A review of the record reveals that no objection was made concerning Ortez's claim that the prosecutor (1) commented on his failure to testify; (2) repeatedly used the word "rape" to inflame the jury; (3) made an improper closing argument; (4) elicited testimony of other bad acts and referred to those acts in her closing argument; (5) improperly alerted the jury panel to his previous convictions during the *voir dire*; and (6)

referred to him as a "serial rapist" during the punishment phase. Ortez must thus overcome the procedural bar in order to obtain review of these claims. See Styron v. Johnson, 262 F.3d 438, 454 (5th Cir. 2001).

In order to overcome the procedural bar, Ortez must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Ortez suggests that he has "cause" for his procedural default because of "the failure of defense counsel to contemporaneously object or otherwise preserve the errors for review."

Although an attorney's failure to make objections may constitute "cause" for a procedural default, the petitioner must show that counsel's failure to object amounted to ineffective assistance of counsel. Cotton v. Cockrell, 343 F.3d 746, 754 (5th Cir. 2003), cert. denied, 124 S. Ct. 1417 (2004). Ortez thus must "show that his counsel's performance was deficient and that he was actually prejudiced by the deficient performance." Id. He "must show that the prejudice rendered the trial fundamentally unfair or unreliable." Id. (internal quotation marks omitted). Ortez fails to make such a showing.

Ortez also fails to show a risk of a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. To make such a

showing, Ortez must demonstrate that he is actually innocent of the offense. See Murray v. Carrier, 477 U.S. 496, 478 (1986).

In affirming Ortez's conviction, the state appellate court noted that the victim, who was 14 years old at the time of the assault, was brought to the hospital for an examination after the assault. The hospital examination revealed Ortez's semen on the victim's vaginal swab, panties, and jeans. The victim testified that she did not consent to having sex with Ortez. There was no fundamental miscarriage of justice. See Murray, 477 U.S. at 478. The district court did not err in its determination that six of Ortez's seven prosecutorial-misconduct claims were procedurally barred.

Ortez's counsel did object to the prosecutor's allegedly improper questioning of the victim's step-mother. Accordingly, that claim was not procedurally barred. Nevertheless, the denial of federal habeas relief may be affirmed on any ground supported by the record. Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000).

In order to obtain habeas relief, Ortez must show that the allegedly improper question rendered the trial fundamentally unfair. See Dowthitt v. Johnson, 230 F.3d 733, 755 (5th Cir. 2000). Ortez acknowledges that the allegedly improper question by the prosecutor did not concern either him or the victim, but he argues that it was improper because it commented on the integrity and credibility of the witness. However, because the

witness did not answer the question, the jury could not have made any such inference.  Moreover, when the prosecutor objected to the question, the trial court sustained the objection, and instructed the jury to disregard the question.

"Jurors are presumed to follow their instructions."  Woods v. Johnson, 75 F.3d 1017, 1036 n.29 (5th Cir. 1996).  Thus, any possible prejudice that resulted from the prosecutor's question was cured by the trial court's curative instruction.  Because Ortez has not shown that the prosecutor's unanswered question rendered the trial fundamentally unfair, he is not entitled to habeas corpus relief on his claim.  See Dowthitt, 230 F.3d at 755.  The judgment of the district court is

AFFIRMED.