IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20691

_____

United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2006**

**Charles R. Fulbruge III**
Clerk

CARLTON TERRY,

                                    Petitioner - Appellant,

                    versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                    Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-5694

_____

Before JOLLY, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Carlton Terry appeals the dismissal of his federal habeas petition.  We vacate the judgment of the district court dismissing the petition as untimely and remand for consideration of the applicability of equitable tolling in the light of evidence presented by Terry.

    A federal habeas petition must be filed within one year of the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  As this § 2254 petition

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not filed within this period, Terry's petition clearly would be untimely absent equitable tolling.[2]

Section 2244(d)(2) makes clear that the pendency of a properly filed application for state post-conviction relief or other collateral review tolls the limitations period of § 2244. 28 U.S.C. § 2244(d)(2). However, state petitions filed after the expiration of the limitations period do not toll the limitation of § 2244. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Hence we arrive at the crux of this case. Calculating the one-year limitation from the latest possible date,[3] Terry would need to have filed his state petition by July 9, 2003 in order for tolling to apply and his § 2254 petition to be considered timely. Terry's state habeas petition was filed on August 12, 2003 -- nearly a month after the limitation period expired. Consequently, the district court granted the State's motion to dismiss Terry's federal petition as untimely. Terry argues that the district court erred in not applying the doctrine of equitable tolling.

---

[2] While there are other avenues that can be applied to extend the limitations period of § 2244, none are applicable here. Thus Terry's petition succeeds or fails based on the application of equitable tolling.

[3] We note that this Circuit has not definitively determined the relevant date on which the clock begins for purposes of § 2244's one-year limitation period. However, we note that whether the determinative date is the date the mandatory supervision was revoked, in this case March 21, 2002, or the date of denial of the motion to reopen, in this case July 9, 2002, without the application of equitable tolling Terry's petition is untimely. As such the definitive date is not outcome determinative.

2

The limitation period of § 2244 is subject to equitable tolling "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). This "applies principally where the [defendant] . . . is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 401-02 (5th Cir. 1999). The district court noted that Terry had waited more than a year after the Texas Court of Criminal Appeals denied his motion to reopen to seek federal habeas relief. Finding no explanation for this delay, the district court held that the application of equitable tolling was inappropriate.

The district court made its ruling on July 12, 2004, based on the government's motion without response from Terry. On July 15, 2004, the district court received a response from Terry.[4] In this response Terry explains that his state habeas petition was received by the Texas trial court on January 29, 2003 -- well within the limitation period of § 2244 -- and yet the Texas trial court failed to file the petition until August 12. Terry argues that during this period he actively sought to have the petition filed. This argument is supported by evidence including copies of letters from Terry to the Texas trial court regarding the status of his petition and a writ of mandamus seeking to have the petition filed. Thus it appears, at least according to the evidence presented by Terry,

---

[4] Terry asserts he executed and delivered the reply to the prison mail system on July 9, 2004, and that it was delayed there due to various prison procedures.

3

that he diligently sought to make a timely filing of his state petition and that failure to do so was no fault of his own. Terry argues that the nearly eight-month delay between the time the petition was received and the time the petition was filed constitutes a circumstance deserving of equitable tolling.

As the district court was without the benefit of Terry's argument and its supporting evidence, we VACATE the judgment of the district court dismissing Terry's petition as untimely, and REMAND for consideration of equitable tolling in the light of Terry's position and supporting evidence.

VACATED and REMANDED.