United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11129
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EARL HILL,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-361-ALL
---------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Earl Hill, federal prisoner # 27877-177, appeals the district court's denial of his FED. R. CIV. P. 60(b)(4) motion for relief from judgment. Following his guilty plea to one count of securities fraud and one count of mail fraud, Hill was sentenced to a term of imprisonment of 60 months on each count, to be served consecutively and to be followed by a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hill argues that, in light of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005), his sentence was unconstitutionally enhanced, that the enhancement of his sentence caused a structural error in his sentencing hearing, and that the district court lacked jurisdiction to enhance Hill's sentence. Because Hill is challenging the validity of his underlying sentence, his FED. R. CIV. P. 60(b)(4) motion should have been construed as a successive 28 U.S.C. § 2255 motion. See <u>Fierro v. Johnson</u>, 197 F.3d 147, 151 (5th Cir. 1999); <u>cf.</u> <u>Gonzalez v. Crosby</u>, 125 S. Ct. 2641, 2651 (2005). Prior to filing the successive motion, Hill was required to obtain authorization to file the successive motion. <u>See</u> 28 U.S.C. §§ 2244(b)(3)(A), 2255. Because Hill failed to obtain such authorization, the district court did not err in denying the motion. <u>See</u> <u>Scott v. Johnson</u>, 227 F.3d 260, 262 (5th Cir. 2000).

AFFIRMED.