**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III

Clerk

No. 08-40679
Conference Calendar

GEORGE HARRY DAVIS, JR

                                    Petitioner-Appellant

v.

FRANCISCO QUINTANA, Warden

                                    Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-721

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

George Harry Davis, Jr., federal prisoner # 08260-078, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition as repetitious. The district court also made alternative findings regarding Davis's petition, determining that Davis's allegations were insufficient to support a claim under 28 U.S.C. § 2255's savings clause and that Davis was not entitled to injunctive relief under the Privacy Act, 5 U.S.C. § 552a.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Davis challenges the district court's alternative findings, he has failed to challenge the district court's primary determination that his § 2241 petition was repetitious. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Failure to identify an error in the district court's analysis is the same as if Davis had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

This court may affirm the district court's denial of relief on any ground supported by the record. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Because Davis has failed to challenge the district court's determination that his petition was repetitious, Davis is not entitled to relief. *See Brinkmann*, 813 F.2d at 748; *Scott*, 227 F.3d at 262.

Accordingly, the judgment of the district court is AFFIRMED.