**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2012

Lyle W. Cayce
Clerk

No. 11-30154
Summary Calendar

SYLVESTER ROLLINS,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:10-CV-1994

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sylvester Rollins, now Louisiana prisoner # 76405, was convicted of second-degree murder and sentenced to life imprisonment. This court granted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him leave to file a successive 28 U.S.C. § 2254 application in district court. *In re Rollins*, 381 F. App'x 365, 369 (5th Cir. 2010). After the district court dismissed that application, we granted Rollins a certificate of appealability ("COA") regarding his claim of ineffective assistance of counsel. We advised that we might consider on appeal whether the § 2254 application is time-barred, procedurally barred, or subject to dismissal under 28 U.S.C. § 2244(b)(2)(B).

Rollins argues that defense counsel rendered ineffective assistance by failing to locate and call certain witnesses; that the absence of those witnesses from trial violated his rights to due process and equal protection; and that he was entitled to equitable tolling of the limitations period because he diligently sought the witnesses and pursued his claims. He waived his claim regarding due-process and equal-protection rights by failing to raise it in his COA motion, and that claim is outside the scope of the COA. *See Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011), *petition for cert. filed* (Dec. 27, 2011) (No. 11-8085).

This court may consider the limitations issue now and may affirm on that ground if it is supported by the record. *See Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000). A person in state custody has one year in which to file a timely application for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). That period began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Even if we assume that limitations were tolled pursuant to § 2244(d)(2) until September 26, 2008, when Rollins's last state post-conviction application was denied by the Louisiana Supreme Court, Rollins did not file his § 2254 application within one year of that denial. His motion seeking this court's authorization to file a successive § 2254 application did not toll limitations or satisfy the filing requirement. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Fierro v. Cockrell*, 294 F.3d 674, 680-81 (5th Cir. 2002). Moreover, Rollins has not shown that he is entitled to equitable tolling. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th

Cir. 1999).

Because the dismissal can be affirmed on limitations grounds, we need not consider the ineffective-assistance claim.  The judgment is AFFIRMED.