# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

No. 11-50620
Summary Calendar

Lyle W. Cayce
Clerk

JOB ANDRADE,

Plaintiff-Appellant

v.

ODESSA POLICE DEPARTMENT; MANUEL ANDRADE; CITY OF ODESSA;
ODESSA CITY MANAGER; MS. GOODMAN; GREGORY A. TRAVLAND;
JESSE DUARTE; DETECTIVE MAUREEN FLETCHER; T. WHITFIELD,
FREDDY NAYOLA; G. LANE; CECIL KEELY; ODESSA CHIEF OF POLICE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CV-16

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Job Andrade, federal prisoner # 27828-180, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 complaint as time barred. Davis filed the complaint after he was allegedly falsely arrested and falsely imprisoned on three separate occasions. He argues that the district court's dismissal of his § 1983 complaint as time barred was erroneous because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court applied the incorrect accrual date of his claims and because he is entitled to equitable tolling of the limitations period.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is appropriate if the records discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Even if Andrade's claims accrued on the date that he alleges, his claims are still untimely absent equitable tolling. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 394, 396 (2007). A person seeking the benefit of equitable tolling "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (assuming without deciding that the federal habeas limitations period may be equitably tolled) (internal quotations marks and citation omitted). To the extent that Andrade argues that his claims were equitably tolled pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), while he pursued relief pursuant to 28 U.S.C. § 2255, he has abandoned this issue, *see Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999), due to his failure to adequately brief it, *see United States v. Green,* 964 F.2d 365, 371 (5th Cir. 1992). In addition, Andrade's claim that he was entitled to equitable tolling because he was separated from his legal materials and denied access to a law library during two prison transfers is unavailing because these impediments were removed before the end of the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, Andrade has not made the required showing.

Andrade also argues that the district court abused its discretion in denying his motion to compel defendants' discovery responses. The district court dismissed the complaint as time barred, and Andrade fails to explain how

discovery would have affected that determination. He therefore has failed to establish that the district court abused its discretion by denying his discovery requests. *See Williamson v. United States Dep't of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987) ("[C]ontrol of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable."). Finally, Andrade has not shown exceptional circumstances necessary for the appointment of counsel in a § 1983 case. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.