**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 12-31009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2014

Lyle W. Cayce
Clerk

REGAN GATTI,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CV-962

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Regan Gatti, Louisiana prisoner # 375608, is serving sentences of imprisonment following his jury trial convictions of two counts of attempted second degree murder and one count each of aggravated flight from an officer, attempted aggravated burglary, aggravated burglary, attempted second degree kidnaping, and unauthorized entry of an inhabited dwelling. He filed a 28 U.S.C. § 2254 petition to attack these convictions, raising claims that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial counsel was ineffective and that the trial court violated his right to a fair trial by denying his for-cause challenges to six prospective jurors.  The district court determined that the § 2254 petition was untimely and that Gatti was not entitled to equitable tolling.  We granted a certificate of appealability on the equitable tolling issue and determined that Gatti's claim of ineffective assistance of trial counsel, but not his juror claim, stated a valid claim of a constitutional deprivation.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

Gatti argues that equitable tolling is warranted based on a 45-day delay in receipt of notice of the Louisiana Supreme Court's denial of his writ application and his lack of access to his legal papers for approximately seven months.  He asserts that he acted with due diligence by requesting his legal materials, obtaining a copy of the trial record, and perusing the lengthy trial record to identify grounds for relief and prepare his pleadings.

We may affirm the denial of habeas relief on any ground supported by the record. *See, e.g.*, *Amos v. Thornton*, 646 F.3d 199, 203 n.4 (5th Cir. 2011) ("In light of our determination that Amos is not entitled to relief on his speedy-trial claim . . . the district court's error in dismissing that claim as procedurally barred was harmless, and remand is unnecessary." (internal citations omitted)); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000); *Ortez v. Dretke*, 108 F. App'x 188, 190–91 (5th Cir. 2004).  As discussed below, given that the ineffective assistance claim set forth in Gatti's district court filings does not entitle him to § 2254 relief, we need not decide whether the district court erred in denying equitable tolling.

In his § 2254 petition Gatti asserted that his trial counsel was ineffective for (1) declining the trial court's offer to admonish the jury when prejudicial testimony was improperly elicited, (2) stipulating that Gatti had been involved in the armored car robbery in Shreveport, (3) stipulating that Gatti did not

have the owners' permission to enter the McAlister residence, (4) admitting at closing argument that Gatti was guilty of aggravated flight from an officer, (5) failing to subject the prosecution's case to meaningful adversarial testing on the charges of attempted murder, and (6) denying Gatti the right to testify in his own defense.

Under the Antiterrorism and Effective Death Penalty Act, the state court's adjudication of Gatti's ineffective assistance claim is entitled to deference. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A § 2254 application shall not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." § 2254(d).

To prevail on a claim of ineffective assistance of counsel, a prisoner must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984). A failure to make either showing defeats the claim. *Id*. at 697. The court indulges in a "strong presumption" that counsel's representation fell "within the wide range of reasonable professional assistance," or that, "under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotation marks and citation omitted).

Our review establishes that Gatti cannot overcome the presumption that counsel made a reasonable strategic decision to decline the admonition. Indeed, trial counsel explained to the Court: "I'm not going to request an admonition. That just calls their attention to it more." Moreover, Gatti cannot overcome the presumption that counsel likewise reasonably decided not to call Gatti, a

No. 12-31009

decision in which Gatti acquiesced. *See Strickland*, 466 U.S. at 689. Further, in view of the overwhelming evidence of Gatti's guilt, *see State v. Gatti*, 914 So. 2d 74, 81–84 (La. Ct. App. 2005) (detailing the evidence against Gatti), we are satisfied that Gatti cannot make a showing of *Strickland* prejudice based on any of counsel's alleged errors or omissions. *See Strickland*, 466 U.S. at 694. As the Louisiana Court of Appeals summarized:

> [T]he applicant would have been convicted of all of the offenses with which he was charged, because of the amount and strength of the evidence presented against him, regardless of what his lawyer may have done. While a trial conducted differently might have been longer, the result would have been the same—the conviction and incarceration of this defendant.

*State v. Gatti*, No. 43667-KH, (La. Ct. App. May, 13, 2008).

AFFIRMED.

4