**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BILLY R. MELOT,

      Defendant - Appellant.

No. 15-2105
(D.C. Nos. 2:09-CR-02258-MCA-1 AND
2:14-CV-00865-MCA-SMV)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
DISMISSING APPEAL AND REQUIRING PAYMENT OF FEES**

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

Billy R. Melot, proceeding pro se, wants to appeal from the denial of his 28 U.S.C. § 2255 motion. His request for a certificate of appealability (COA) was denied by the district judge, prompting him to reapply here. We too deny a COA.

The parties are familiar with the facts and we need not repeat them here. Suffice to say, Melot was convicted by a jury of various tax offenses and making false statements to the United States Department of Agriculture. The district judge allowed him a two-level reduction in his base offense level for acceptance of responsibility, *see* USSG § 3E1.1, resulting in an advisory guideline range of 210-262 months imprisonment. In addition, the judge varied downward significantly, sentencing him to 60 months

imprisonment. She also ordered him to pay over $18 million in restitution. Melot

appealed from his conviction and sentence; the government cross-appealed from the

acceptance of responsibility reduction. We affirmed his conviction but reversed the

reduction because Melot had "steadfastly maintained he did not commit the crimes

charged because he did not act willfully." *United States v. Melot*, 732 F.3d 1234, 1244-

45 (10th Cir. 2013). On remand, the judge sentenced him to 168 months imprisonment.

He did not appeal from the new sentence and for good reason—his guilt is nearly

palpable.

He filed a timely 28 U.S.C. § 2255 motion, alleging various ineffective assistance

of counsel claims and a host of constitutional arguments concerning all aspects of his

criminal proceedings.[1] In a thorough and cogent order, the magistrate judge decided each

claim was meritless and recommended the motion be denied. After de novo review of

Melot's objections to the recommendation, the district judge adopted it in its entirety.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of

habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). It requires "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a

showing, Melot must demonstrate "that reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or

---

[1] Due to a misunderstanding, the attorney who perfected Melot's direct appeal prepared the § 2255 motion believing he would be compensated under the Criminal Justice Act. When that misunderstanding was corrected and Melot's request for appointment of counsel was denied, Melot continued his § 2255 proceedings pro se. We have liberally construed his pro se filings. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

that the issues presented were adequate to deserve encouragement to proceed further."
*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Melot reiterates all or nearly all the arguments he made in the district court, without making much effort to show how the judge erred. Hoping for a different result, it appears he just wants a second opinion. We have thoroughly reviewed the record, the magistrate judge's report and recommendation, the district judge's order addressing his objections to the report and recommendation, and Melot's appellate filings. We see no error and no reason to think jurists of reason could reasonably debate the correctness of the result reached. We **DENY** a COA and **DISMISS** this matter. Melot's request to proceed on appeal *in forma pauperis* is **DENIED AS MOOT**. The relevant statute, 28 U.S.C. § 1915 (a), does not permit litigants to avoid payment of fees; only prepayment of fees may be excused. Since we have reached the merits of this matter, prepayment of fees is no longer an issue. Melot is, nevertheless, required to pay all filing and docketing fees. Payment must be made to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge