# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2020

Lyle W. Cayce
Clerk

No. 19-50436

Billy R. Melot,

*Petitioner—Appellant*,

*versus*

Warden Thomas E. Bergami,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-104

Before Davis, Jones, and Willett, *Circuit Judges*.

W. Eugene Davis, *Circuit Judge*:

Billy R. Melot, a federal prisoner proceeding pro se, appeals the district court's judgment summarily denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Melot asserts that he was improperly denied release to home confinement under the First Step Act's pilot program for eligible elderly offenders, known as the Elderly Offender Home Detention Program.[1] The district court determined that Melot is ineligible for the

---

[1] *See* 34 U.S.C. § 60541(g) (authorizing Attorney General to conduct pilot program during fiscal years 2019 through 2023).

No. 19-50436

program because he was previously disciplined for attempted escape and because Melot failed to provide information regarding other requirements for eligibility under the program. Melot argues that the district court should have allowed him (1) to amend his petition to cure any deficiency and submit additional documents and (2) to proceed to show that his prior disciplinary hearing violated his due process rights. For the reasons set forth below, we AFFIRM.

## I. BACKGROUND

In 2010, Melot was convicted by a jury of corruptly endeavoring to impede the administration of the Internal Revenue Code, willfully attempting to evade the payment of taxes, willfully failing to file tax returns, and making false statements to the Department of Agriculture.[2] After remand for resentencing, the district court sentenced Melot to 168 months in prison.[3] The district court ordered Melot to pay $18,493,098.51 in restitution to the Internal Revenue Service and $226,526 in restitution to the Department of Agriculture.[4]

According to Melot's petition, in July 2015, he "was cited for a violation of [Bureau of Prison (BOP)] disciplinary codes for having climbed an internal fence and being out of bounds when an officer ordered [him] to cease movement." Melot explained that in the subsequent disciplinary proceeding, "[his] actions were characterized as an 'attempted escape' and [he] was sanctioned under the BOP disciplinary rules and regulations."

---

[2] *United States v. Melot*, 732 F.3d 1234 (10th Cir. 2013).

[3] *See United States v. Melot*, 616 F. App'x 398, 399 (10th Cir. 2015). Melot's initial sentence of sixty months was vacated on appeal. *Melot*, 732 F.3d at 1240, 1245.

[4] *Melot*, 732 F.3d at 1240.

No. 19-50436

Specifically, he lost forty-two days of good conduct time and sixty days of both commissary and visiting privileges.

On January 31, 2019, Melot submitted a written request to Defendant, Prison Warden Thomas Bergami, for release to home confinement under the Elderly Offender Home Detention Program ("Program"), set forth in 34 U.S.C. § 60541(g). Under the statute, an offender must satisfy several requirements in order to be eligible for the Program. Pertinent to the issues on appeal, one of the eligibility requirements is that the offender "has not escaped, or attempted to escape, from a [BOP] institution."[5] According to Melot, on March 25, 2019, Defendant denied his request for early release to home confinement under the Program based on Melot's internal BOP disciplinary proceeding in which he was sanctioned for attempted escape.

In his petition, Melot argued that, although characterized as an attempted escape, his 2015 actions "were not in the nature of a true escape attempt" and that was why the BOP never sought additional federal charges against him for attempted escape but chose to proceed only with an internal disciplinary action which resulted in "relatively minor sanctions." He asserted that Defendant and current BOP staff were unfamiliar with the July 2015 events such that they could not "make a reasoned judgment about [the actions'] severity." He further argued that the sanctions themselves and the BOP's decision not to seek additional federal charges constituted "strong evidence" that his actions did not rise to the level contemplated by the statute to render him ineligible for the Program. Melot maintained that he met all other eligibility requirements for the Program and that other inmates "similarly situated" were released early under the Program. He contended

---

[5] § 60541(g)(5)(A)(v).

denial of his request for participation in the Program was a "clear violation of Equal Protection Rights."

The district court determined that Melot had "concede[d] that he was disciplined while incarcerated by the [BOP] for an attempted escape" and that consequently he did not qualify, and would never qualify, for release pursuant to the Program. The district court further noted that Melot did not provide information regarding other eligibility requirements. Specifically, he did not provide (1) a statement from the BOP that if released to home confinement, he would not be at substantial risk of engaging in criminal conduct and endangering others, (2) the address of his proposed home confinement, and (3) a guarantee that he would arrange for a landline phone (required for his monitoring) and for health insurance to meet his medical needs.

Citing Supreme Court precedent, the district court further stated that Melot had no constitutional right to confinement in any particular place, including home confinement. Furthermore, the district court acknowledged that the Attorney General—and by delegation the BOP—had the exclusive authority and discretion to designate the place of an inmate's confinement. Concluding that Melot's imprisonment was not unconstitutional, the district court determined that "it plainly appear[ed]" from Melot's petition that he was not entitled to § 2241 relief. The district court therefore denied Melot's petition and dismissed his case with prejudice. Melot timely appealed.

## II. DISCUSSION

Melot argues that the district court erred by summarily denying his § 2241 petition without allowing him the opportunity to amend. He further asserts that the district court should have allowed him to proceed and show that his prior disciplinary proceeding for attempted escape violated his due

process rights. Melot asserts that the district court's judgment should be vacated and this matter remanded for further proceedings.

As an initial matter, we must first determine whether Melot has properly brought his claim challenging the denial of his participation in the Program as a § 2241 habeas corpus petition. We have noted that a habeas petition "is the proper vehicle to seek release from custody," while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens*[6] for a federal prisoner is "the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."[7] The "bright-line rule" our court has adopted is that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit.[8]

The Program in which Melot seeks permission to participate is described in 34 U.S.C. § 60541(g) as a "pilot program" conducted by the Attorney General "to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced."[9] Under the plain text of the statute, the prisoner is "remov[ed]" from a BOP facility and placed on "home detention until the expiration of the prison term to which the offender was sentenced."[10] The Program, thus, calls for a change in confinement from a prison facility to home detention. While an argument can be made that the

---

[6] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

[7] *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

[8] *Id.* at 820–21 (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

[9] § 60541(g)(1)(A).

[10] *Id.*

Program allows for "release" from institutional custody, we determine that Melot's claim involves his conditions of confinement and is more properly brought as a *Bivens* action.[11] Even though Melot's claim is not cognizable under § 2241, because Melot is proceeding pro se and because we heretofore have not had occasion to determine whether prisoner claims challenging the denial of participation in the Program should be asserted as civil rights claims, we liberally construe Melot's petition as asserting a *Bivens* civil rights claim.[12]

Also an issue of first impression is whether federal courts have any power to order that a prisoner be placed in the Program. Specifically, under § 60541(g)(1)(B), "the *Attorney General may release some or all eligible elderly offenders* . . . from [BOP] facilities to home detention, upon written request from either the [BOP] or an eligible elderly offender." The statute does not give authority to the federal courts to place an offender in the Program; that authority is given to the Attorney General. Moreover, the Attorney General is not required to place eligible offenders in the Program, but "may release some or all" of them for participation in the Program. Consequently, we conclude that Congress has vested the executive branch, not the judicial

---

[11] Although vacated as moot on rehearing, we note that our determination that Melot's challenge to the denial of his request to participate in the Program is properly brought as a *Bivens* action is consistent with the Tenth Circuit's thoughtful opinion in *Boyce v. Ashcroft*, 251 F.3d 911, 918 (10th Cir. 2001), wherein the court held that when a prisoner is challenging the BOP's choice of a prisoner's location of confinement, the proper vehicle to assert the challenge is a *Bivens* action. *See also Davis v. Fetchel*, 150 F.3d 486 (5th Cir. 1998) (holding that when challenge involves duration of confinement—not condition of confinement—the claim sounds in habeas).

[12] "[W]e liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

branch, with the power to decide which prisoners may participate in the Program.[13]

Our decision does not mean that the Attorney General's or BOP's determinations regarding participation in the Program are entirely insulated from judicial review. As noted by one of our sister circuits, if the prisoner is challenging the Attorney General's or BOP's statutory interpretation of § 60541(g), then judicial review may be appropriate.[14] In this matter, however, Melot argued in the district court that Defendant wrongly declined Melot's request for participation in the Program based on a prior disciplinary proceeding for which Melot was sanctioned for "attempted escape." Under § 60541(g)(5)(A)(v), an offender is ineligible for the Program if he has "escaped, or attempted to escape, from a [BOP] institution." Melot argued that Defendant and current BOP staff were "not familiar enough with the July 2015 events to make a reasoned judgment about their severity." Melot asserted that the "relatively minor" sanctions imposed and the fact that no federal charges were ever brought against him for his actions showed that his "actions were not of the nature that were intended to preclude consideration for elderly release."

---

[13] In so concluding, we join the Tenth Circuit, as well as numerous district courts. *See, e.g., Marshall v. Hudson*, 807 F. App'x 743, 747 (10th Cir. 2020) (holding that "federal courts have no power to order that an inmate be placed in the pilot program"); *United States v. Crawford*, No. 1:07CR317-1, 2019 WL 6615188, at *6 (M.D.N.C. Dec. 5, 2019); *Stark v. Rios*, No. 19-cv-375, 2019 WL 2796766, at *2 (D. Minn. June 5, 2019), *report and recommendation adopted*, No. 19-cv-00375, 2019 WL 2766525 (D. Minn. July 2, 2019); *Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019). Our conclusion is also consistent with 18 U.S.C. § 3621, which gives the BOP the authority and discretion to designate the place of a convicted offender's confinement.

[14] *Marshall*, 807 F. App'x at 748.

In effect, Melot contended that Defendant should not have considered his prior actions as an attempted escape, even though prison officials previously characterized them as such in a disciplinary proceeding. Melot's claim, however, would have required the district court to assess Melot's prior actions and make a determination whether those actions constituted an escape attempt. Only Defendant had authority to make that determination for purposes of Melot's eligibility for the Program. The statute does not give federal courts the power to do so. On appeal, Melot now contends that his prior disciplinary proceeding violated his due process rights because it was "based on inaccurate information and without considering mitigating factors." Melot did not raise a due process argument involving his prior disciplinary proceedings in the district court, and he may not raise this issue for the first time on appeal.[15]

## III. CONCLUSION

Based on the foregoing, the district court's judgment is AFFIRMED.

---

[15] *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).