# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2020

Lyle W. Cayce
Clerk

No. 19-60165
Summary Calendar

James Ferguson,

*Plaintiff—Appellant*,

*versus*

Officer Bradley Ellis; Officer Kelesha Williams; Warden Frank Shaw; Major Michael Rice; Captain Richard Cooney; Lieutenant Alma Wren; Tony Donald, *Unit #5 Manager*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-165

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

James Ferguson, a Mississippi prisoner, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 complaint. He argues that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

defendants violated his Eighth Amendment rights by failing to protect him from injury at the hands of another inmate. He also challenges the district court's denial of his motion for a preliminary injunction and a temporary restraining order against the Mississippi Department of Corrections Commissioner, the MDOC Deputy Commissioner, and the Director of the state's Administrative Remedy Program on the grounds that the program violates prisoners' right of access to the courts.[1]

We liberally construe pro se pleadings. *See Melot v. Bergami*, 970 F.3d 596, 599 & n.12 (5th Cir. 2020). Even pro se parties, however, must reasonably comply with Federal Rule of Appellate Procedure 28(a)(8), which states that the appellant's brief must include argument, with the "appellant's contentions and the reasons for them." FED. R. APP. P. 28(a)(8)(A); *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding a pro se litigant to this requirement). An appellant's failure to point to any error in the district court's reasoning puts him in the same position as if he had not appealed the judgment at all. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In addition, we do not consider issues raised for the first time in a reply brief. *See Warren v. Chesapeake Exploration, L.L.C.*, 759 F.3d 413, 420 (5th Cir. 2014); *Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002).

I

The district court granted summary judgment in favor of Defendants Shaw, Cooney, Wren, Donald, and Rice for failure to exhaust. The district court granted summary judgment in favor of Defendants Ellis and Williams based on its conclusion that Ferguson failed to show conditions posing a substantial risk of serious harm and deliberate indifference to the risk.

---

[1] Ferguson also requested the appointment of counsel on appeal. The court has denied this motion.

No. 19-60165

In his reply brief, Ferguson argues that he exhausted his claims against Defendants Shaw, Cooney, Wren, Donald, or Rice because prisoners can file grievances whether or not they are "aware of all defendants"; therefore, Ferguson reasons, he did not need to identify these defendants. Having failed to brief this argument in his opening brief, Ferguson has abandoned any challenge to the district court's dismissal of the claims against Defendants Shaw, Cooney, Wren, Donald, or Rice on exhaustion grounds. *See Warren*, 759 F.3d at 420; *Morin*, 309 F.3d at 328. Regardless, Ferguson fails to identify any error in the district court's reasoning. *See Yohey*, 985 F.2d at 224–25; *Brinkmann*, 813 F.2d at 748.

Ferguson further argues, as to the district court's Eighth Amendment merits conclusion, that the correctional officers allowed a fellow inmate to "dash" Ferguson "in his face with" an unknown liquid, urine, a chemical, or some combination. In addition, Ferguson asserts in his reply, he was physically injured on May 5, 2015.

By raising his May 5, 2015 injuries only on reply, Ferguson has abandoned any argument based on those injuries. *See Warren*, 759 F.3d at 420; *Morin*, 309 F.3d at 328. Moreover, Ferguson has not shown that the correctional officers were aware of any facts supporting an inference that another inmate represented a danger to Ferguson and that a substantial risk of serious harm existed. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Therefore, Ferguson cannot establish a violation of his Eighth Amendment right to be protected from harm at the hands of another inmate.

II

The district court denied Ferguson's motion for a preliminary injunction and a TRO for two reasons. First, the district court concluded, Ferguson failed to show that either the MDOC or the ARP Director was

3

party to the suit or had notice of the motion. Second, Ferguson failed to show that he would suffer immediate irreparable injury in the absence of the requested relief.

Ferguson asserts that the district court made "incorrect stat[e]ments" when denying his motion for a preliminary injunction and TRO involve. As he did before the district court, Ferguson argues the merits of his claims, challenging the alleged inadequacies of the administrative grievance process. But he fails to address the reasons underlying the district court's denial of the motion for preliminary injunction and a TRO, and therefore Ferguson has abandoned the issue. *See Yohey*, 985 F.2d at 224–25; *Brinkmann*, 813 F.2d at 748.

***

The judgment of the district court is AFFIRMED.