# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2022

Lyle W. Cayce
Clerk

No. 20-40569

---

Andrew PJ Whitaker,

*Plaintiff—Appellant*,

*versus*

Austin McDonald; Derrick Stinson; Frank Rudisill;
Albert Patterson,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CV-173

---

Before Jones, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Andrew Whitaker, Texas prisoner # 1984096, proceeding *pro se* and *in forma pauperis*, sued four officers employed by the Nacogdoches County Sheriff's Office and Police Department under 42 U.S.C. § 1983. He alleged that, on June 6, 2014, two of the officers—Austin McDonald and Derrick

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40569

Stinson—repeatedly beat him with nightsticks when Whitaker was attempting to flee in a stolen car. He claimed his injuries from the beating— "uncontrollable muscle spasms and uncontrollable drooling and speech impairment"—manifested "at a later time," specifically more than five years later. It was not until September 24, 2019, that he sued the two officers, as well as two others (Frank Rudisill and Albert Patterson), alleging violations of the Eighth Amendment.

A magistrate judge *sua sponte* recommended dismissing Whitaker's claims under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. The magistrate reasoned that Whitaker's claim, which accrued on June 6, 2014, was filed over three years after expiration of the applicable two-year statute of limitations. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1993); Tex. Civ. Prac. & Rem. Code § 16.003(a). The magistrate also noted that Whitaker's complaint contained no allegations against Rudisill or Patterson.

Whitaker objected. He argued that under Texas's "discovery rule" limitations started running only when he "beg[a]n to notice symptoms" of his injuries in September 2019. He also appeared to argue that Rudisill and Patterson were among "numerous officers" present when he was beaten, that his complaint failed to name them, and that in any event they belonged to the "same municipality" as the named officers. Finally, Whitaker argued he had the right to amend his complaint under Federal Rule of Civil Procedure 15(a) but was not allowed to do so.

The district court overruled Whitaker's objections, accepted the magistrate's recommendation, and dismissed Whitaker's complaint for failure to state a claim. Specifically, the court reasoned that federal law governed the accrual date of Whitaker's § 1983 claim. *See Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). That accrual date was June 6, 2014, when Whitaker alleges he was beaten. The court also explained that accrual was not

No. 20-40569

"delay[ed]" until Whitaker realized "the full extent of his injuries." *See Wallace v. Kato*, 549 U.S. 384, 391–92 (2007). The court did not address Whitaker's arguments contesting the dismissal of his claims against Rudisill and Patterson, nor his argument that he should have been allowed to amend his complaint. Because the judgment did not specify whether dismissal was with or without prejudice, Whitaker's complaint is presumed to have been dismissed with prejudice. *Mandawala v. Northeast Baptist Hosp.*, 16 F.4th 1144, 1155 (5th Cir. 2021) (citation omitted).

Whitaker timely appealed. We review dismissals under § 1915A(b) *de novo. Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018). That statute directs courts to dismiss a prisoner's *in forma pauperis* complaint if, *inter alia*, it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). We review a denial of leave to amend under Federal Rule of Civil Procedure 15(a) for abuse of discretion. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted). Whitaker's *pro se* complaint and appellate brief are afforded a liberal construction. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020); *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005) (citations omitted).

Whitaker devotes most of his appellate brief to arguments that are, to the extent we grasp them, frivolous.[1] Generously construing his brief, we discern two coherent arguments. First, Whitaker contends that Texas's discovery rule should have delayed accrual of his § 1983 claim until the time in 2019 when he realized the extent of his injuries. Second, Whitaker contends the district court committed reversible error by denying him the

---

[1] Whitaker complains at length about the performance of the attorney evidently appointed to defend him in his underlying criminal case for evading arrest. Those arguments have no discernable relevance to his § 1983 suit.

right to amend his complaint to add allegations about Rudisill and Patterson. Both arguments lack merit.

First, the district court correctly ruled that federal, not state, law sets the accrual date of Whitaker's § 1983 claim. *See Walker*, 550 F.3d at 414 ("We determine the accrual date of a § 1983 action by reference to federal law.") (citing *Wallace*, 549 U.S. at 388); *see also Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011) (en banc) (same). The claim accrued "the moment [Whitaker] . . . ha[d] sufficient information to know that he [was] injured." *Walker*, 550 F.3d at 414. According to Whitaker's own complaint and objections, he was beaten with nightsticks by officers on June 6, 2014. At that point, he could have "file[d] suit and obtain[ed] relief" if he proved his case. *Ibid.* Further, as the district court correctly pointed out, Whitaker is mistaken that accrual of his claim was delayed until he began to suspect the extent of his injuries years later. *See Wallace*, 549 U.S. at 391 (for a § 1983 claim, "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable" (citation omitted)).

Second, even assuming *arguendo* that Whitaker had a right to amend his complaint concerning Rudisill and Patterson, *see* Fed. R. Civ. P. 15(a), "a district court need not grant a futile motion to amend." *Legate*, 822 F.3d at 211 (citation omitted); *see also Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (explaining "leave to amend" under Rule 15(a) "is by no means automatic" and may be denied given the "futility of the amendment"). As he explained in his objections, Whitaker wanted to add allegations about Rudisill and Patterson because he believed they were present when he was beaten. But these new allegations could not have changed the conclusion that the underlying excessive force claim was time-barred. The district court therefore did not abuse its discretion in constructively denying Whitaker leave to amend. *See Legate*, 822 F.3d at 211 (explaining "an amendment is considered futile if it would fail to state a claim upon which relief could be

granted") (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)); *see also Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (*in forma pauperis* claims are "properly dismissed pursuant to § [1915A(b)]" when "the face of [the] complaint" shows they "are barred by the applicable statute of limitations").

We recognize that before *sua sponte* dismissing an *in forma pauperis* claim, a court must give the plaintiff notice of the perceived inadequacy of his complaint and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 210 (2006); *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). This usually occurs through a hearing under *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), or a questionnaire allowing the prisoner to sharpen his claims, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Neither option was afforded Whitaker, but that was not reversible error for two reasons.

First, Whitaker received notice from the magistrate's report of the defects in his complaint, and he was able to present written objections to the district court. *See, e.g.*, *Day*, 547 U.S. at 210 (observing that, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions") (citations omitted). Second, the legal theory on which Whitaker relied was "indisputably meritless." *Eason*, 14 F.3d at 9 n.5 (citation omitted). He argued Texas's discovery rule suspended accrual of his claim until his injuries fully manifested. But federal, not state, law governs accrual of § 1983 claims and, as explained, no authority supports Whitaker's contention that his claims remained suspended until the extent of his injuries allegedly emerged years later. No "further factual development" could have changed the fact that his claims were years overdue. *Id.* at 10; *cf., e.g.*, *Barnes v. Givens*, 746 F. App'x 401, 402 (5th Cir. 2018) (per curiam) (concluding prisoner might have been able to state a

No. 20-40569

plausible claim "had [he] been given the opportunity to properly develop his claims [through a questionnaire or *Spears* hearing]"). [2]

AFFIRMED

---

[2] Having found no reversible error, we need not consider whether the *sua sponte* dismissal here was justified under the "best case" rule. *See, e.g.*, *Carver v. Atwood*, 18 F.4th 494, 498 n.* (5th Cir. 2021) (explaining "[p]re-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case,'" meaning he has "(1) repeatedly declared the adequacy of his complaint in . . . response to [the] defendant's motion to dismiss and (2) refused to file a supplemental complaint even in the face of a motion to dismiss" (quoting *Brown*, 829 F.3d at 370) (internal quotation marks omitted)).