# United States Court of Appeals for the Fifth Circuit

No. 22-60625
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2023

Lyle W. Cayce
Clerk

Roy Mosley,

*Petitioner—Appellant*,

*versus*

Warden Steven Reiser,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-394

Before Smith, Southwick, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Roy Mosley, federal prisoner # 10585-424, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. He broadly asserts that he has a claim for relief under Section 2241 because his right to due process was violated when he was removed from home confinement under the Elderly Offender Pilot Program ("EOPP"), *see* 34 U.S.C. § 60541(g)(1), (2), without

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

receiving the procedural protections required by the Bureau of Prisons' policies and *Wolff v. McDonnell*, 418 U.S. 539 (1974).

We review the district court's legal conclusions *de novo*, *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), and "may affirm the denial of habeas relief on any ground supported by the record," *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The court properly construed Mosley's due process claim as a civil rights claim. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). He shows no error in the dismissal.

Mosley also contends that he exhausted administrative remedies. The district court determined that he failed to exhaust his claims involving the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and his claim that he was not given a reason for his removal from home confinement under the EOPP. Because Mosley expressly abandons his CARES Act claims, we do not reach the exhaustion question with regard to those claims. Nor do we consider whether he exhausted his claim involving the reason for his removal from home confinement under the EOPP. Even if he did exhaust that issue, the claim was not cognizable under Section 2241. *See Melot*, 970 F.3d at 599; *Scott*, 227 F.3d at 262.

AFFIRMED.