# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2024

Lyle W. Cayce
Clerk

_____

No. 23-50159

_____

Joseph James Falcetta, Jr.,

*Petitioner—Appellant*,

*versus*

G. Rosalez, *Warden*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-524

_____

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Joseph James Falcetta, Jr., proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court issued an order denying in part and dismissing in part. We AFFIRM.

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-50159

## I.

In 1996, Falcetta and two others, all of whom carried sawed-off shotguns, robbed a bus transporting people from Texas to a Louisiana casino. *See Falcetta v. United States*, No. 20-50247, 2021 WL 5766571, at *1 (5th Cir. Dec. 3, 2021) (per curiam). Texas sheriff deputies stopped and arrested them. *Id.* In June 1997, Falcetta was convicted in federal court of armed robbery of a motor vehicle, in violation of 18 U.S.C. § 2119, and possession of a short-barreled shotgun during a crime of violence, in violation of 18 U.S.C. § 924(c). *See Falcetta,* 2021 WL 5766571, at *1. He was sentenced to 71 months on the robbery charge and to a consecutive 120-month term on the firearms charge. *Id.* He was then returned to state custody and convicted on related state charges of aggravated robbery. He was sentenced to 44 years of imprisonment. *See id.* Falcetta immediately began serving his state sentence, with credit for time served while awaiting sentencing. The federal district court advised that Falcetta's 71-month sentence was to run concurrently with his state sentence but that the 120-month sentence was to run consecutively to both sentences as § 924(c)(1) mandates that a sentence imposed under that section must run consecutively to any other term of imprisonment. *See* 18 U.S.C. § 924(c)(1)(D)(ii).

On February 1, 2019, after serving more than 20 years of his state sentence, Falcetta was paroled and transferred to federal custody to begin serving his 120-month consecutive federal sentence. Because he had spent more than 71 months in state custody, his 71-month sentence on the federal robbery charge was deemed to have been discharged. The Bureau of Prisons has calculated his projected release date to be August 10, 2027.

Since his conviction, Falcetta has repeatedly sought relief from his federal sentences. He lost his direct appeal, his § 2255 petition was dismissed, and his multiple motions to file successive § 2255 motions were

denied. He has filed multiple § 2241 petitions seeking to have all his sentences ordered to run concurrently or to have the Bureau give him credit towards his federal sentence for time he spent in state custody; these petitions have all been denied as well.

In May 2022, Falcetta filed the instant § 2241 petition, which is at least his fifth. The magistrate judge initially recommended that the petition be dismissed for lack of jurisdiction. Falcetta objected, and the magistrate judge issued an amended report, recommending dismissal. Falcetta objected to the amended report as well. The district court overruled his objections, adopted the magistrate judge's findings and conclusions, and ordered that denial in part and dismissal in part. Falcetta filed a timely appeal.

## II.

A prisoner does not need a Certificate of Appeal to appeal the denial of a § 2241 petition. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). This court reviews the district court's factual findings for clear error and its legal conclusions de novo. *Id.* "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013) (internal quotation marks and citation omitted). The court "may affirm the denial of habeas relief on any ground supported by the record." *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

## III.

On appeal, Falcetta renews his argument that the Bureau of Prisons erred when it refused to credit him for having completed a bachelor's degree, urging that his degree complied with the pertinent requirements in the Bureau program statement and that the district court erred in finding to the contrary. He asserts that the Bureau's refusal to record his degree adversely affects his score under the "Prisoner Assessment Tool Targeting Estimated

Risk and Needs," or "PATTERN," and in turn could adversely affect his ability to be considered for early release under the First Step Act. He does not claim on appeal that he is entitled to good time credit. Rather, he argues that he has a constitutionally protected liberty interest in his PATTERN score.

The First Step Act provides for a system allowing eligible prisoners to earn time credits toward time in pre-release custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. *See* 18 U.S.C. § 3632(d)(4)(A). The Bureau uses the PATTERN tool to assess the recidivism risk of each prisoner based on various factors. Such factors include the inmate's age, disciplinary record, and completion of educational programs. *See id.* The PATTERN tool helps the Bureau to determine the type of recidivism reduction programming most appropriate for each inmate. 18 U.S.C. § 3632(a)(3), (a)(5), (b). A system of time credits and other incentives encourages inmates to participate in this recidivism reduction programming. *Id.* § 3632(d). Under certain conditions, the Bureau may apply earned time credits toward pre-release custody or early transfer to supervised release under 18 U.S.C. § 3624(g). *See* 28 C.F.R. § 523.44(b).

Under our binding precedent, Falcetta did not have a cause of action under § 2241 to challenge the Bureau's alleged failure to credit his bachelor's degree. A § 2241 petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In contrast, a challenge to the conditions of confinement is not properly brought under § 2241. "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (citation omitted); *accord Melot v.*

4

*Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). The Supreme Court has never "recognized habeas as an available remedy [if] the relief sought would neither require immediate or accelerated release nor reduce the level of custody." RICHARD H. FALLON, JR., ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 1403–04 (7th ed. 2015) [hereinafter HART & WECHSLER]. Allowing federal prisoners to "shoehorn [such] claims into habeas" "would utterly sever the writ from its common-law roots." *Wilkinson v. Dotson*, 544 U.S. 74, 86-87, 125 S. Ct. 1242 (2005) (Scalia, J., concurring).

In *Carson*, for instance, Texas state prisoner Arthur Carson brought a habeas corpus petition subject to 28 U.S.C. § 2254 challenging his placement in administrative segregation. 112 F.3d at 819. He argued that reassignment from administrative segregation would make him eligible for parole. *Id.* at 821. This court dismissed his petition. *Id.* at 819. Reassignment would not "automatically shorten his sentence or lead to his immediate release"; on the contrary, "[t]he parole decision still would be within the discretion of the parole board." *Id.* at 821. The court applied a "bright-line rule" in holding that his suit was "properly characterized as a § 1983 suit," not a habeas corpus petition. *Id.* at 820–21.

Likewise, in *Melot*, federal prisoner Billy R. Melot brought a habeas corpus petition under 28 U.S.C. § 2241. 970 F.3d at 597. He challenged the Warden's determination that he was ineligible for early release to home confinement under the First Step Act's pilot program for elderly offenders. The Warden had found him ineligible because he was previously sanctioned for attempted escape. *Id.* at 597–98. The court reiterated *Carson*'s "bright-line rule" that "if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle

is a civil rights suit." *Id*. at 599. Because "Melot's claim involve[d] his conditions of confinement," it was not cognizable under § 2241. *Id*.[1]

The Supreme Court reached a similar result in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242 (2005). State prisoners William Dotson and Rogerico Johnson brought § 1983 actions challenging Ohio's parole procedures. *Id*. at 76. The two relevant district courts concluded that "the prisoner would have to seek relief through a habeas corpus suit." *Id*. at 77. The Supreme Court disagreed. As the Court explained, "[s]uccess for Dotson . . . means at most new eligibility review, which at most will speed *consideration* of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his term." *Id*. at 82. "Because neither prisoner's claim would necessarily spell speedier release," the Court stated, "neither lies at 'the core of habeas corpus.'" *Id*. (citation omitted).

Justice Scalia, joined by Justice Thomas, concurred. The habeas corpus statute does not authorize "federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody." *Id*. at 86 (Scalia, J., concurring). "A holding that this sort of judicial immersion in the administration of discretionary parole lies at the 'core of habeas' would utterly sever the writ from its common-law roots." *Id*. Objecting to such an "expansion of habeas relief," Justice Scalia noted that "federal prisoners, whose custodians . . . cannot be sued under § 1983, have greater incentives to shoehorn their claims into habeas." *Id*. at 87.

---

[1] In addition, because "Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the Program," only the Warden had authority to determine Melot's eligibility, not federal courts. *Melot v. Bergami*, 970 F.3d 596, 600 (5th Cir. 2020).

The Bureau's alleged failure to credit Falcetta with earning a bachelor's degree does not necessarily implicate the duration of his confinement. Such denial might or might not affect his PATTERN score, given the multitude of factors for consideration. Nor does it necessarily have a future effect on his eligibility for consideration for pre-release or early transfer to supervised release. Like the reassignment from administrative segregation in *Cason*, *see* 112 F.3d at 821, or the home confinement in *Melot*, *see* 970 F.3d at 599, consideration of Falcetta's bachelor's degree does not necessarily lead to his speedier release. Like the parole determination procedure in *Wilkinson*, it at most means that the Bureau of Prison "authorities may, in their discretion, decline to shorten his term." *See* 544 U.S. at 82, 125 S. Ct. 1242. In other words, "the relief sought would neither require immediate or accelerated release nor reduce the level of custody." HART & WECHSLER, *supra*, at 1404. Falcetta cannot "shoehorn [such] claims into habeas" here. *Wilkinson*, 544 U.S. at 87, 125 S. Ct. 1242 (Scalia, J., concurring).

## IV.

Falcetta's remaining arguments are likewise without merit. His conclusory assertion that he must be compensated for good time on his expired sentence is insufficient to show that the district court erred. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

His challenge to the Bureau's administration of the Administrative Remedy Program has no bearing on the length of his sentence; even if successful, it would not entitle him to immediate or accelerated release. Consequently, the claim is not cognizable under § 2241. *See Carson*, 112 F.3d at 820–21.

He fails to brief any argument renewing his challenge to the validity of his conviction, or to the denial of good time credit under the First Step Act.

Any such challenges have therefore been abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). At any rate, a claim challenging the validity of the conviction would be barred. *See* 28 U.S.C. § 2255(e).

Falcetta's final argument—that he was entitled to immediate release because federal, not state, authorities first detained him—is a reiteration of his oft-repeated assertion that his federal and state sentences should have run concurrently. Because Falcetta did not raise the claim until his objections to the magistrate judge's amended report, he forfeited it. Regardless, this repetitive claim is barred by 28 U.S.C. § 2244(a).

We AFFIRM.